DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
JAMES F. HANNAWALT, State Bar #139657
Assistant Chief Trial Deputy
REBECCA LOUIE, State Bar #264984
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3913 [Hannawalt]
Telephone:     (415) 554-3859 [Louie]
Facsimile:      (415) 554-3837
E-Mail:          james.hannawalt@sfcityatty.org
                     rebecca.louie@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
ERIK WHITNEY; OLIVER LIM; STEVEN UANG;
and DAVID WAKAYAMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM FARS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF SAN FRANCISCO; ERIK WHITNEY; OLIVER LIM; STEVEN UANG; DAVID WAKAYAMA; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 23-cv-00286-CRB<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date:　　August 9, 2024<br>Time:　　　　　　8:30 a.m.<br>Place:　　　　　　San Francisco Courthouse<br>　　　　　　　　　Courtroom 06, 17th Floor<br><br>Trial Date:　　　　Not Set |

　　　　Pursuant to the Court's Case Management Order and Order Resetting Case Management Conference [Dkt. 27], the parties submit the following Joint Case Management Report for the Case Management Conference scheduled on August 9, 2024:

### 1. Jurisdiction and Service

The parties agree that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. The parties agree that venue is proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

All parties have been served or have appeared in the case.

### 2. Facts

#### a. Plaintiff Adam Fars

This civil rights and state tort action also arises from the officer involved shooting of Adam Fars on during the same incident on January 20, 2022, at approximately 7:30 a.m., at the San Francisco International Airport, BART Station ("Airport"), in the City of San Francisco, California. Plaintiff Fars contends that he was an innocent party at the Airport and had not relation of involvement to the *Szeto* engagement, when Defendant San Francisco Police Department ("SFPD") Officers responded to a call regarding Nelson Szeto. Plaintiff Fars further contends that at approximately the same time that the Officers intentionally and negligently engaged Mr. Szeto, they also shot and seriously injured Plaintiff Fars. Plaintiff Fars contends that he did not pose a substantial risk of harm to any person, he was not armed, he was not attempting to flee, no warning was given, and there were reasonable alternatives to the use of lethal force. During the Szeto engagement, Defendant Officers fired several less-lethal rounds causing Mr. Szeto to fall to the ground. Then as Mr. Szeto was on the ground, Defendant Officers continued to fire upon Mr. Szeto with lethal force when Mr. Szeto was not an immediate threat of death or serious bodily injury.

Plaintiff Fars brings the following claims for relief against Defendants: (1) Excessive Force; (2) Inadequate Training; (3) Unconstitutional Custom, Practice or Policy; (4) Ratification – pursuant to 42 U.S.C. §1983; and (5) Battery; (6) Negligence; and (7) violation of the Bane Act – pursuant to state law.

#### b. Defendants City and County of San Francisco (the City) and Officers Erik Whitney, Oliver Lim, Steven Uang, and David Wakayama; and DOES 1-10, inclusive.

On January 20, 2022, Nelson Szeto went to the San Francisco International Airport (SFO) armed with a knife and two replica handguns that were indistinguishable from real firearms. When patrons at the airport called 911 about a suspicious man located a few yards from the International

Terminal security check point, SFPD officers and a San Mateo County Sheriff's Deputy assigned to SFO responded.

SFPD and the Sheriff's Deputy engaged Szeto, talking to him from the safety of cover and containing him in a portion of a hallway so he would not access nearby offices, the crowded security check point, or the active airport BART station, all located close by.  An SFPD lieutenant responded. For public safety, the police contained the scene and re-directed the public who were either in the vicinity or who might enter the area.  A call went out city-wide to SFPD officers specially trained in tactical operations like the one unfolding at the SFO.  As specialized officers arrived, they took over containment positions from the SFO patrol officers.  The police and the San Mateo County Sheriff's deputy spoke to Szeto, encouraging him to disarm himself and surrender into their custody. Eventually Szeto put down his knife but held onto the guns.  Later, after more talking and encouragement, Szeto put down one of the guns.  About a half hour after police first contacted Szeto, he began shuffling toward the edge of the designated area of containment toward a hallway closer to the security check point.  Officers then shot Szeto in the leg with an extended range impact weapon that shoots a hard rubber projectile about the size of a child's fist.  This  force was used to stop Szeto's advance and get him to comply with orders to drop the gun.  Szeto went to ground clutching the handgun.  Szeto then rolled toward the line of officers, raising the gun and pointing it at the officers. Four officers simultaneously fired lethal rounds at Szeto in defense of themselves and their follow officers.

Unbeknownst to officers, Plaintiff Adam Fars had hidden behind a steel scissor lift parked in the hallway that was at the edge of the area where the police attempted to contain Szeto. Fars was not visible to the officers trying to contain Szeto, and Fars was not visible to the officers who shot Szeto when he raised what reasonably appeared to be a deadly handgun in their direction. After the incident, it was discovered that a bullet aimed at Szeto struck Plaintiff Adam Fars in the leg.

The State of California Department of Justice (Cal DOJ) recently concluded its Officer Involved Shooting (OIS) investigation into this incident.  Cal DOJ found that Officers Lim, Wakayama, Uang, and Whitney acted in lawful self-defense and defense of others when each officer fired lethal rounds at Mr. Szeto.

### 3. Legal Issues

The Fars Complaint asserts the following federal claims: 1) Section 1983 – excessive force; and 2) a *Monell* claim for failure to train, a policy, pattern, and practice, and ratification of excessive force; and the following California state law claims: 3) Negligence; 4) Violation of California Civil Code § 52.1; 5) Assault/Battery. The Szeto Complaint asserts the same causes of action and adds a violation of the Fourteenth Amendment.

These claims raise at least the following issues: 1) whether Defendants used excessive force; 2) whether the individual Defendants are entitled to qualified immunity; 3) whether the City had an official policy or practice, failed to train, and/or a final decision-maker ratified instances of excessive force such that one or all of these *Monell* theories was a moving force in the alleged violation of Plaintiffs' constitutional rights; 4) whether the individual Defendants were negligent; 5) whether the individual Defendants committed battery; and 6) whether the individual Defendants specifically intended to deprive Plaintiffs of a constitutional right in violation of the Bane Act and acted to do so, causing harm to Plaintiffs.

The City's Answer raises affirmative defenses including qualified immunity, consent, and comparative negligence.

### 4. Motions

Depending on the status of discovery, Plaintiff Fars may require filing motions to compel and motions in limine. Plaintiff Fars will oppose any dispositive motion filed by Defendants.

Defendants plan to bring a motion for summary judgment. Depending on the status of discovery, Defendants may require need to file motions to compel. Depending on the status of Defendants' Motion for Summary Judgment, Defendants may file motions in limine

### 5. Amendment of Pleadings

Depending on the status of discovery and if the parties are unable to reach a stipulation, Plaintiff Fars may file a motion to extend the time for hearing a motion to amend the pleadings and a motion to amend the pleadings if Plaintiff Fars determines that there is other individual DOE Officers that were responsible for his injuries.

Defendants request the court order a deadline for amending the Complaint by September 27, 2024.

**6.     Evidence Preservation**

All parties are aware of their duty to preserve evidence and have taken steps to preserve all potentially relevant evidence.

**7.     Disclosures**

All parties have exchanged initial disclosures.

**8.     Discovery**

Plaintiffs Szeto have propounded written discovery.

Plaintiff Fars has propounded written discovery.

The City has responded to Plaintiffs' discovery, respectively, by providing objections and substantive information now known to Defendants. Defendants presently have limited materials. Cal DOJ recently concluded its Officer Involved Shooting (OIS) investigation into this incident. The City has subpoenaed records from the OIS investigation and is currently reviewing the responsive production. The City and Plaintiff Fars have resolved Plaintiff Fars's objection to production of medical records from Zuckerberg San Francisco General Hospital. Defendants will conduct written and deposition discovery pursuant to the Federal Code of Civil Procedure.

The parties are conferring on scheduling the depositions for Officers Lim, Uang, Whitney, and Wakayama and the City's person most knowledgeable.

No party currently anticipates the need for additional written discovery or depositions beyond that permitted by the Rules. The parties will approach the Court if such a need arises.

**9.     Class Actions**

This is not a class-action matter.

**10.    Related cases**

Pursuant to the Court's order (Dkt. 9), the matter of *Szeto v. City of San Francisco*, 22-cv-06211-LB is related to the instant case.

**11.    Relief**

Plaintiffs are seeking general, special, and punitive damages in an unspecified amount.

Defendants seek an award of costs.

**12.     Settlement and ADR**

The parties are discussing scheduling a mediation after Defendants have an opportunity to further assess Fars' injuries.

**13.     Consent to Magistrate Judge for All Purposes**

Plaintiff does not consent to have the case heard by a Magistrate Judge at this time.

Defendants would consent to have the case heard by a Magistrate Judge.

**14.     Other reference**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

None at this time.

**16.     Expedited Schedule**

The parties do not request an expedited schedule at this time.

**17.     Scheduling:**

The parties have met and conferred and request the following modifications to the Court's scheduling order.  (Dkt. 27).

Parties' Proposed Schedule

| Item | Current deadline | Proposed deadline |
| --- | --- | --- |
| Fact Discovery Cut-off | December 13, 2024 | March 14, 2025 |
| Initial Expert Disclosures | January 17, 2025 | April 18, 2025 |
| Rebuttal Expert Disclosures | February 28, 2025 | May 30, 2025 |
| Expert Discovery Cut-Off | March 21, 2025 | June 27, 2025 |
| Deadline to File Dispositive Motion | April 18, 2025 | July 25, 2025 |
| Deadline to Hear Dispositive Motion | May 16, 2025 | August 22, 2025 |
| ADR Cut-Off | May 23, 2025 | August 29, 2025 |
| Pretrial Conference Statement | None | TBD |
| Pretrial Conference | None | TBD |
| Jury Trial | None | TBD |

**18.  Trial**

The parties have demanded a jury trial, expected to last approximately 5-7 days.

**19.  Disclosure of Non-Party Interested Entities or Persons:**

Plaintiffs Szeto:  None.

Plaintiff Fars:  None

Defendants:  None

**20.  Other matters**

Cal DOJ found that Officers Lim, Wakayama, Uang, and Whitney acted in lawful self-defense and defense of others when each officer fired lethal rounds at Mr. Szeto.

Dated:  August 2, 2024

          DAVID CHIU
          City Attorney
          JENNIFER E. CHOI
          Chief Trial Deputy
          JAMES F. HANNAWALT
          Assistant Chief Trial Deputy
          REBECCA LOUIE
          Deputy City Attorney


By:  */s/ James F. Hannawalt*
   JAMES F. HANNAWALT

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
ERIK WHITNEY; OLIVER LIM; STEVEN UANG;
and DAVID WAKAYAMA

Dated:  August 1, 2024

          LAW OFFICES OF DALE K. GALIPO


By:  */s/ Marcel F. Sincich*
   MARCEL F. SINCICH

Attorneys for Plaintiff
ADAM FARS