**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiff* ADAM FARS


DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
LUCIA LI, State Bar #309355
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:  (415) 554-4206
Facsimile:   (415) 554-3837
E-Mail:      Lucia.Li@sfcityatty.org


Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
ERIK WHITNEY; OLIVER LIM; STEVEN UANG;
and DAVID WAKAYAMA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM FARS, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SAN FRANCISCO; ERIK WHITNEY; OLIVER LIM; STEVEN UANG; DAVID WAKAYAMA; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 3:23-cv-00286-CRB <br><br> **JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Conference: July 25, 2025 <br> Time: 8:30 a.m. <br> Place: San Francisco Courthouse Courtroom 06, 17th Floor <br> Trial Date: March 10, 2026 |

Joint Further Case Management Statement     1     Case No. 23-cv-00286-CRB

Pursuant to the Court's Case Management Order and Order Resetting Case Management Conference [Dkt. 33], the parties submit the following Joint Case Management Report for the Case Management Conference scheduled on July 25, 2025. The parties have reached a settlement and are in process of formalizing the settlement agreement. The parties anticipates filing a formal Joint Notice of Settlement and Request to Vacate All Case Dates by early next week. Therefore, the parties jointly request that the Case Management Conference be taken off calendar.

### 1. Jurisdiction and Service

The parties agree that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. The parties agree that venue is proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

All parties have been served or have appeared in the case.

### 2. Facts

#### a. Plaintiff Adam Fars

This civil rights and state tort action also arises from the officer involved shooting of Adam Fars on during the same incident on January 20, 2022, at approximately 7:30 a.m., at the San Francisco International Airport, BART Station ("Airport"), in the City of San Francisco, California. Plaintiff Fars contends that he was an innocent party at the Airport and had not relation of involvement to the *Szeto* engagement, when Defendant San Francisco Police Department ("SFPD") Officers responded to a call regarding Nelson Szeto. Plaintiff Fars further contends that at approximately the same time that the Officers intentionally and negligently engaged Mr. Szeto, they also shot and seriously injured Plaintiff Fars. Plaintiff Fars contends that he did not pose a substantial risk of harm to any person, he was not armed, he was not attempting to flee, no warning was given, and there were reasonable alternatives to the use of lethal force. During the Szeto engagement, Defendant Officers fired several less-lethal rounds causing Mr. Szeto to fall to the ground. Then as Mr. Szeto was on the

ground, Defendant Officers continued to fire upon Mr. Szeto with lethal force when Mr. Szeto was not an immediate threat of death or serious bodily injury.

Plaintiff Fars brings the following claims for relief against Defendants: (1) Excessive Force; (2) Inadequate Training; (3) Unconstitutional Custom, Practice or Policy; (4) Ratification – pursuant to 42 U.S.C. §1983; and (5) Battery; (6) Negligence; and (7) violation of the Bane Act – pursuant to state law.

    **b.** **Defendants City and County of San Francisco (the City) and Officers Erik Whitney, Oliver Lim, Steven Uang, and David Wakayama; and DOES 1-10, inclusive.**

On January 20, 2022, Nelson Szeto went to the San Francisco International Airport (SFO) armed with a knife and two replica handguns that were indistinguishable from real firearms. When patrons at the airport called 911 about a suspicious man located a few yards from the International Terminal security check point, SFPD officers and a San Mateo County Sheriff's Deputy assigned to SFO responded.

SFPD and the Sheriff's Deputy engaged Szeto, talking to him from the safety of cover and containing him in a portion of a hallway so he would not access nearby offices, the crowded security check point, or the active airport BART station, all located close by. An SFPD lieutenant responded. For public safety, the police contained the scene and re-directed the public who were either in the vicinity or who might enter the area. A call went out city-wide to SFPD officers specially trained in tactical operations like the one unfolding at the SFO. As specialized officers arrived, they took over containment positions from the SFO patrol officers. The police and the San Mateo County Sheriff's deputy spoke to Szeto, encouraging him to disarm himself and surrender into their custody. Eventually Szeto put down his knife but held onto the guns. Later, after more talking and encouragement, Szeto put down one of the guns. About a half hour after police first contacted Szeto, he began shuffling toward the edge of the designated area of containment toward a hallway closer to the security check point. Officers then shot Szeto in the leg with an extended range impact weapon that shoots a hard rubber projectile about the size of a child's fist. This force was used to

stop Szeto's advance and get him to comply with orders to drop the gun. Szeto went to ground clutching the handgun. Szeto then rolled toward the line of officers, raising the gun and pointing it at the officers. Four officers simultaneously fired lethal rounds at Szeto in defense of themselves and their follow officers.

Unbeknownst to officers, Plaintiff Adam Fars had hidden behind a steel scissor lift parked in the hallway that was at the edge of the area where the police attempted to contain Szeto. Fars was not visible to the officers trying to contain Szeto, and Fars was not visible to the officers who shot Szeto when he raised what reasonably appeared to be a deadly handgun in their direction. After the incident, it was discovered that a bullet aimed at Szeto struck Plaintiff Adam Fars in the leg.

The State of California Department of Justice (Cal DOJ) recently concluded its Officer Involved Shooting (OIS) investigation into this incident. Cal DOJ found that Officers Lim, Wakayama, Uang, and Whitney acted in lawful self-defense and defense of others when each officer fired lethal rounds at Mr. Szeto.

**3.   Legal Issues**

Plaintiff asserts the following federal claims: 1) Section 1983 – excessive force; and 2) a *Monell* claim for failure to train, a policy, pattern, and practice, and ratification of excessive force; and the following California state law claims: 3) Negligence; 4) Violation of California Civil Code § 52.1; 5) Assault/Battery.

These claims raise at least the following issues: 1) whether Defendants used excessive force; 2) whether the individual Defendants are entitled to qualified immunity; 3) whether the City had an official policy or practice, failed to train, and/or a final decision-maker ratified instances of excessive force such that one or all of these *Monell* theories was a moving force in the alleged violation of Plaintiff's constitutional rights; 4) whether the individual Defendants were negligent; 5) whether the individual Defendants committed battery; and 6) whether the individual Defendants specifically intended to deprive Plaintiff of a constitutional right in violation of the Bane Act and acted to do so, causing harm to Plaintiff.

The City's Answer raises affirmative defenses including qualified immunity, consent, and comparative negligence.

**4.   Motions**

Depending on the status of discovery, Plaintiff may require filing motions to compel and motions *in limine*. Plaintiff will oppose any dispositive motion filed by the Defendants.

Defendants plan to bring a motion for summary judgment. Depending on the status of discovery, Defendants may require need to file motions to compel. Depending on the status of Defendants' Motion for Summary Judgment, Defendants may file motions in limine.

**5.   Amendment of Pleadings**

Not contemplated at this time.

**6.   Evidence Preservation**

All parties are aware of their duty to preserve evidence and have taken steps to preserve all potentially relevant evidence.

**7.   Disclosures**

All parties have exchanged initial disclosures.

**8.   Discovery**

Plaintiff has propounded written discovery, which has been responded to.

The Defendant Officer depositions are scheduled to take place on July 22, 23, and 24, 2025 and August 1, 2025. The Plaintiff is still awaiting dates of availability for the deposition of Officer Wakayama. The Plaintiff's deposition is scheduled for July 31, 2025.

No party currently anticipates the need for additional written discovery or depositions beyond that permitted by the Rules. The parties will approach the Court if such a need arises.

**9.   Class Actions**

This is not a class-action matter.

**10.   Related cases**

The matter of *Szeto v. City of San Francisco*, 22-cv-06211-LB is related to the instant case but has nevertheless been dismissed.

**11.   Relief**

Plaintiff is seeking general, special, and punitive damages in an unspecified amount.

Defendants seek an award of costs.

**12.   Settlement and ADR**

The parties have been engaging in informal but substantive settlement negotiations, which are ongoing. No mediation is scheduled at this time.

**13.   Consent to Magistrate Judge for All Purposes**

Plaintiff does not consent to have the case heard by a Magistrate Judge at this time.

Defendants would consent to have the case heard by a Magistrate Judge.

**14.   Other reference**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

None at this time.

**16.   Expedited Schedule**

The parties do not request an expedited schedule at this time.

**17.   Scheduling:**

The parties do not request modification to the Court's scheduling order. (Dkt. 33).

**18.   Trial**

The parties have demanded a jury trial, expected to last approximately 5-7 days.

**19.   Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff Fars: None

Defendants: None

**20.  Other matters**

Cal DOJ found that Officers Lim, Wakayama, Uang, and Whitney acted in lawful self-defense and defense of others when each officer fired lethal rounds at Mr. Szeto.

DATED: July 18, 2025            LAW OFFICES OF DALE K. GALIPO

                                By: _/s/    Marcel F. Sincich_
                                    Dale K. Galipo
                                    Marcel F. Sincich
                                    *Attorneys for Plaintiffs*

DATED: July 18, 2025            DAVID CHIU, City Attorney
                                JENNIFER E. CHOI, Chief Trial Deputy
                                LUCIA LI, Deputy City Attorney

                                By: _/s/    Lucia Li_
                                    LUCIA LI
                                    Attorneys for Defendants
                                    CITY AND COUNTY OF SAN FRANCISCO
                                    ERIK WHITNEY; OLIVER LIM; STEVEN
                                    UANG; and DAVID WAKAYAMA